**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

Eastern District of Kentucky
FILED
OCT 22 2026
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 6:26-cr-130-SCM

**JARED SALMONS**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**18 U.S.C. § 1466A(a)(1)**

On or about October 11, 2026, in Knott County, in the Eastern District of Kentucky,

**JARED SALMONS**

did knowingly produce a visual depiction of any kind that depicts a minor, Minor Victim 1, engaging in sexually explicit conduct and is obscene, and the visual depiction involved in the offense had been transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that had been mailed, or that had been shipped or transported in interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 1466A.

**COUNT 2**
**18 U.S.C. § 1466A(a)(1)**

From on or about September 28, 2026, and continuing until on or about October 8, 2026, in Knott County, in the Eastern District of Kentucky,

**JARED SALMONS**

did knowingly produce visual depictions of any kind that depict a minor, Minor Victim 2, engaging in sexually explicit conduct and are obscene, and the visual depictions involved in the offense had been transported in interstate or foreign commerce by any means, including by computer, or were produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 1466A.

**COUNT 3**
**18 U.S.C. § 1466A(a)(1)**

From on or about September 28, 2026, and continuing until on or about October 1, 2026, in Knott County, in the Eastern District of Kentucky,

**JARED SALMONS**

did knowingly produce visual depictions of any kind that depict a minor, Minor Victim 3, engaging in sexually explicit conduct and are obscene, and the visual depictions involved in the offense had been transported in interstate or foreign commerce by any means, including by computer, or were produced using materials that had been mailed, or that had been shipped or transported in interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 1466A.

**COUNT 4**
**18 U.S.C. § 1466A(a)(1)**

On or about October 5, 2026, in Knott County, in the Eastern District of Kentucky,

**JARED SALMONS**

did knowingly produce visual depictions of any kind that depict minors, Minor Victim 4

and Minor Victim 5, engaging in sexually explicit conduct and are obscene, and the visual depictions involved in the offense had been transported in interstate or foreign commerce by any means, including by computer, or were produced using materials that had been mailed, or that had been shipped or transported in interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 1466A.

**COUNT 5**
**18 U.S.C. § 2252A(a)(2)**

On or about October 11, 2026, in Knott County, in the Eastern District of Kentucky,

**JARED SALMONS**

did knowingly receive child pornography depicting Minor Victim 1 using any means or facility of interstate or foreign commerce, or that had been transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2).

**COUNT 6**
**18 U.S.C. § 2252A(a)(2)**

From on or about September 28, 2026, and continuing until on or about October 8, 2026, in Knott County, in the Eastern District of Kentucky,

**JARED SALMONS**

did knowingly receive child pornography depicting Minor Victim 2 using any means or facility of interstate or foreign commerce, or that had been transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2).

**COUNT 7**
**18 U.S.C. § 2252A(a)(2)**

From on or about September 28, 2026, and continuing until on or about October 1, 2026, in Knott County, in the Eastern District of Kentucky,

**JARED SALMONS**

did knowingly receive child pornography depicting Minor Victim 3 using any means or facility of interstate or foreign commerce, or that had been transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2).

**COUNT 8**
**18 U.S.C. § 2252A(a)(2)**

From on or about October 5, 2026, in Knott County, in the Eastern District of Kentucky,

**JARED SALMONS**

did knowingly receive child pornography depicting Minor Victims 4 and 5 using any means or facility of interstate or foreign commerce, or that had been transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2).

**COUNT 9**
**18 U.S.C. § 2252A(a)(5)(B)**

On or about October 13, 2026, in Knott County, in the Eastern District of Kentucky,

**JARED SALMONS**

did knowingly possess child pornography as that term is defined in 18 U.S.C. § 2256(8)(C),

that is, visual depictions of sexually explicit conduct, where such visual depictions had been created, adapted, or modified to appear that identifiable minors are engaging in sexually explicit conduct, and that involved prepubescent minors who had not attained 12 years of age, and that had been transported using any means or facility of interstate or foreign commerce or in and affecting interstate and foreign commerce, by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

**FORFEITURE ALLEGATION**
**18 U.S.C. § 2253**

1. By virtue of the commission of the offenses alleged in this Indictment, **JARED SALMONS** shall forfeit to the United States any and all interest that he has in any visual depiction, or matter containing such visual depiction, that was produced, transported, mailed, shipped, or received as part of the violation of 18 U.S.C. § 2252A; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the violation(s) of 18 U.S.C. § 2252A; and any property, real or personal, used or intending to be used in the commission or promotion of the violation of 18 U.S.C. § 2252A or traceable to such property. Any and all interest that **JARED SALMONS** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2253.

2. The property to be forfeited includes, but is not limited to, the following:

**ELECTRONIC EQUIPMENT:**

a. iPhone 17 Pro Max seized from Jared Salmons; and
b. All software and peripherals which are contained on or associated with the listed cellular phone.

[redacted]

/for

JASON D. PARMAN
UNITED STATES ATTORNEY

JUSTIN E. BLANKENSHIP
ASSISTANT UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1-8:** Not less than 5 years nor more than 20 years imprisonment, not more than a $250,000 fine, and supervised release for not less than 5 years.

**COUNT 9:** Not more than 20 years imprisonment, not more than a $250,000 fine, and supervised release for not less than 5 years.

**PLUS:** Mandatory special assessment of $100 per count.

Additional mandatory special assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110.

Pursuant to 18 U.S.C. §2259A, per count of no more than:

(1) $17,000.00 if convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

(2) $35,000.00 if convicted of any other trafficking in child pornography offense as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(3) $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

**PLUS:** Restitution, if applicable. Mandatory restitution under 18 U.S.C. § 2259 that, for any conviction of an offense described in paragraphs (E)(1) or (2), is not less than $3,000.00 per victim.